IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

WESLEY LATERRIUS JONES                                                                    PLAINTIFF

v.                         Civil No. 1:23-cv-01033-SOH-BAB

SHIFT LEADER CYLE WEBSTER,
Ouachita County Detention Center (OCDC);
SHIFT LEADER LUCAS SALBURY, OCDC;
and NURSE STEPHANIE HOLMES                                                           DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Wesley Jones ("Jones"), filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 26, 2023. (ECF No. 1). Jones proceeds *in forma pauperis* and *pro se.* Jones asserts two claims: (1) he was deprived of a meal on March 28, 2023;[1] and (2) from March 28, 2023, until April 18, 2023, he was denied adequate medical care.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making this Report and Recommendation.

### I.     BACKGROUND

Jones indicates he is detained at the Ouachita County Detention Center ("OCDC") on a charge of failure to appear. (ECF No. 1 at 2). On March 28, 2023, Jones says he was deprived of his third meal for the day by Shift Leaders Webster[2] and Salbury. *Id.* at 4. Jones maintains

---

[1] Jones also refers to this date as April 28, 2023. (ECF No. 1 at 5).
[2] Webster is a former employee of the OCDC. (ECF No. 1 at 2).

1

he is entitled to three meals a day and only received two that day. *Id.* Jones states he was hungry all night. *Id.* at 5.

Jones next claim is that from March 28, 2023, until April 18, 2023, Nurse Stephanie Holmes failed to give him medical attention. (ECF No. 1 at 6). Specifically, Jones says he needed to be on his mental health medication. *Id.* On April 10, 2023, Jones alleges he had an appointment with his mental health counselor and Nurse Holmes failed to have him transported to the appointment. *Id.* As a result, Jones states he had a mental breakdown which required him to be hospitalized. *Id.*

As relief, Jones seeks compensatory damages. (ECF No. 1 at 9).

## II. LEGAL STANDARD

On initial review, the Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we

hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

Jones' first claim is subject to dismissal. In *Stearns v. Inmate Servs. Corp., et al.,* 957 F.3d 902 (8th Cir. 2020), the Eighth Circuit ruled that the deliberate indifference standard did not apply to conditions of confinement cases brought by pretrial detainees. The Eighth Circuit clarified that the claims of pretrial detainees must be analyzed under the Fourteenth Amendment as set forth in *Bell v. Wolfish*, 441 U.S. 520 (1979). In *Bell,* the Court stated that "the proper inquiry is whether [the] conditions amount to punishment of the detainee." *Id.,* 441 U.S. at 535.

The Eighth Circuit in *Stearns* stated:

> In *Bell v. Wolfish*, the Supreme Court articulated the standard governing pretrial detainees' claims related to conditions of confinement. The Court held that the government may detain defendants pretrial and "may subject [them] to the restrictions and conditions of [a] detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Id*. at 536-37. The Court articulated two ways to determine whether conditions rise to the level of punishment. A plaintiff could show that the conditions were intentionally punitive. *Id*. at 538. Alternatively, if there is no expressly demonstrated intent to punish, the plaintiff could also show that the conditions were not reasonably related to a legitimate governmental purpose or were excessive in relation to that purpose. *Id*. at 538-39. If conditions are found to be arbitrary or excessive, it is permissible to "infer that the purpose of the governmental action is

punishment that may not constitutionally be inflicted upon detainees *qua* detainees." *Id*. at 539.

*Stearns*, 957 F.3d at 907 (alterations in original) (citations to the Supreme Court Reporter omitted). In sum, the Constitution prohibits conditions that are intentionally punitive, are not reasonably related to a legitimate governmental purpose, or are excessive in relation to that purpose. *Id.*

Detainees are entitled to nutritionally adequate food. *Wishon v. Gammon,* 978 F.2d 446, 449 (8th Cir. 1992). Deprivation of food for a substantial period of time can be a constitutional violation. *Simmons v. Cook,* 154 F.3d 805, 807 (8th Cir. 1998). However, deprivation of a single meal does not state a claim of constitutional dimension. *Williams v. Harness,* 221 F.3d 1346 (8th Cir. 2000)(unpublished per curiam)(denial of one meal does not give rise to a constitutional violation); *Wilkens v. Roper,* 843 F. Supp. 1327, 1328 (E.D. Mo. 1994)(denial of one meal fails to state a claim); *see also Berry v. Brady,* 192 F.3d 504, 507 (5th Cir. 1999)(claim that inmate missed eight meals properly dismissed as frivolous). Here, even if the deprivation of a single meal could constitute punishment in violation of the Fourteenth Amendment, there is no allegation that Jones was intentionally deprived of the single meal as punishment.

### IV. CONCLUSION

For these reasons, pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), it is recommended that:

- Jones' claim that he was deprived of a single meal be **DISMISSED WITHOUT PREJUDICE**; and

- Shift Leader Cyle Webster and Shift Leader Lucas Salbury be terminated as Defendants.

By separate order Nurse Holmes will be served with the denial of medical care claim.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this 8th day of June 2023.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE