IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

WESLEY LATERRIUS JONES                                                    PLAINTIFF

          v.                    Civil No. 1:23-cv-01033-SOH-BAB

NURSE STEPHANIE HOLMES                                                    DEFENDANT


## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Wesley Jones ("Jones"), filed this civil rights action pursuant to 42 U.S.C. § 1983. Jones proceeds *in forma pauperis* and *pro se.*   Jones asserts that from March 28, 2023, until April 18, 2023, he was denied adequate medical and mental health care.

The case is before the Court on the Motion for Summary Judgment for failure to exhaust administrative remedies filed by Defendant Holmes.   (ECF No. 17).   Jones filed a Response to which Defendant Holmes replied.   (ECF Nos. 22 & 23).   The Motion is ready for decision. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making this Report and Recommendation.

## I.      BACKGROUND

Jones indicates he is detained at the Ouachita County Sheriff's Office Detention Complex ("OCSODC") on a charge of failure to appear.   (ECF No. 5 at 2).   Jones claims that from March 28, 2023, until April 18, 2023, Nurse Stephanie Holmes failed to give him medical attention. (ECF No. 5 at 6).   Specifically, Jones says he needed to be on his mental health medication.   *Id.* On April 10, 2023, Jones alleges he had an appointment with his mental health counselor and Nurse Holmes failed to have him transported to the appointment.   *Id.*   As a result, Jones states he

1

had a mental breakdown which required him to be hospitalized.   *Id.*

As relief, Jones seeks compensatory damages.   (ECF No. 5 at 9).

## II.      LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the non-moving party, the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists."   *Nat'l Bank of Comm. v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir. 1999).   A fact is "material" if it may "affect the outcome of the suit."   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."   *Matsushita*, 475 U.S. at 586.   "They must show there is sufficient evidence to support a jury verdict in their favor."   *Nat'l Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).   "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment."   *Id.* (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)).   "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."   *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## III.   DISCUSSION

Defendant Holmes has moved for summary judgment on the grounds that Jones failed to file an appeal of the response to any of his grievances as required by the grievance procedure.

The Prison Litigation Reform Act ("PLRA") mandates exhaustion of available administrative remedies before an inmate files suit.   Section 1997e(a) of the PLRA provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   42 U.S. C. § 1997e(a).

In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court concluded that "to properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules."   *Id.* at 218 (internal quotation marks and citation omitted).   The Court stated that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."   *Id.*

The Eighth Circuit Court of Appeals has recognized only two exceptions to the PLRA exhaustion requirement: (1) when officials have prevented prisoners from utilizing the grievance procedures, or (2) when the officials themselves fail to comply with the grievance procedures.   *See Gibson v. Weber,* 431 F.3d 339, 341 (8th Cir. 2005) (explaining a prisoner is only required to exhaust those administrative remedies that are "available" and any remedies that prison officials prevent a prisoner from utilizing are not considered available).   A court is not permitted "to consider an inmate's merely subjective beliefs, logical or otherwise, in determining whether

3

administrative procedures are 'available.'"  *Lyon v. Vande Krole*, 305 F.3d 806, 809 (8th Cir. 2002).

The OCSODC has a grievance procedure which outlines the necessary steps for an inmate to file and appeal grievances.   Defendant Holmes argues that the procedure requires Jones to file an appeal if he is not satisfied with the initial response to his grievance.   Defendant Holmes maintains that Jones never appealed any grievance response.

OSCODC has a computer kiosk for inmates to utilize in submitting requests and grievances.   (ECF No. 19-2 at 2).   The policy defines a grievance as "[a] formal written complaint of an actual or perceived abuse or an abridgement of a detainee's constitutional or civil rights while in the facility."   *Id.* at 1.   The following should not be filed as grievances: "[a] request for medical or mental health treatment;" "[a] request for review of decisions regarding medical diagnosis, testing or treatment; and "[a] request."   *Id.* at 1-2.   The policy defines a request as "a written document asking for something to be given or done.   In the detention center, a detainee should submit a request for supplies or other services or activities."   *Id.* at 2.   Inmates are advised that "[f]ailure to follow this policy, including failure to timely file a grievance or submit an appeal, will result in the complaint or appeal being considered abandoned."   *Id.*

Detainees are advised to use the kiosk to file their grievance unless it is out of order, in which instance a paper form may be requested and utilized.   (ECF No. 19-2 at 2).   Jones was familiar with and utilized the kiosk.   (ECF No. 19-1).   The policy then informs detainees that a grievance must be submitted within forty-eight (48) hours from the time of the event complained of.   (ECF No. 19-2 at 2).   Detainees are advised of the specific information the grievance must contain.   *Id.*   If a detainee is not satisfied with the grievance response, within forty-eight (48)

4

hours of receiving the response, the detainee "shall appeal his grievance to the supervisor of the responding officer."   *Id.* at 3.   If not satisfied with the response to the first appeal, detainees shall, within forty-eight (48) hours, appeal to the facility administrator.   *Id.*

On March 29, 2003, Jones filed a document on the kiosk complaining that he had been requesting to see the nurse for eight days.   (ECF No. 22 at 3).[1]   Jones further stated he needed to see his counselor in Lake Village, and no one had talked to him about making those arrangements. *Id.*   In response, Jones was told: "This is not a grievable offense, you must submit medical to medical requests."   *Id.*   On March 30, 2023, Jones indicated he needed to see his counselor ASAP; he needed his medication; and he was off balance."   *Id.* at 8.   In response, he was told "[a]ll medical must be handled through medical requests."   *Id.*   On March 31, 2023, Jones submitted a virtually identical request form.   *Id.* at 7.   In response, Jones was told to put in a sick call for medication.   *Id.*   Jones submitted another request form on March 31st asking to talk to a mental health counselor ASAP.   (ECF No. 19-1 at 111).   He was told: "This is medical."   *Id.*

On April 1, 2023, Jones filed another request form stating he needed to be taken to the appointment; he was off his medications; and he could not focus.   (ECF No. 22 at 3).   He was told "[t]his is medical."   *Id.*   On April 6, 2023, Jones submitted a request form stating he needed to talk to his mental health counselor.   *Id.* at 5.   Jones indicated it was a serious matter.   *Id.*   This time the response was that this was a request for Captain Owens.   *Id.*   The status was listed as resolved although there is no indication Captain Owens responded.   *Id.*   Instead, there is only an

---

[1] Rather than taking a targeted approach to submitting Jones' requests and grievances, Defendant Holmes used the "scatter gun" approach submitting one-hundred-and-fourteen pages of requests and/or grievances—the vast majority completely unrelated to the issues before the Court.   In contrast, Jones submitted only the requests or grievances related to his medical treatment.

indication that Captain Owens reviewed the form on July 11, 2023.   (ECF No. 19-1 at 102).   On April 8, 2023, Jones submitted a request form stating, among other things, that the was not taking his mental health needs seriously; he was off balance, he complained he was being refused medical and the right to see a mental health counselor in violation of his civil rights.   (ECF No. 22 at 10. In response, Jones was told "[a]ll medical must be submitted to medical requests." *Id.*   When Jones attempted to file a grievance about his treatment or need for medication, he was told medical issues were not "grievable."   *See* (ECF No. 19-1 at 7).   When Jones used a request form, he was told medical issues needed to be addressed to medical requests.   *Id.* at 8.

Defendant Holmes objects to the Court's consideration of Jones' response because he failed to submit a separate statement of disputed facts as required by Rule 56.1(d) of the Local Rules for the Eastern and Western Districts of Arkansas and the Court's Order (ECF No. 20) directing a response to the summary judgment motion.   (ECF No. 23).   While technically correct, Jones does not dispute that the County has a grievance procedure or that he did not file an appeal. Instead, he argues that he was not allowed to use the grievance procedure to address medical issues.

The grievance procedure explicitly excludes from its coverage any medical related issues. Further, each time Jones attempted to submit a request or grievance, he was told the issue was a medical one and not a "grievable" issue.   Defendant Holmes cannot now argue that Jones failed to file an appeal under a clearly inapplicable grievance procedure.

## IV.   CONCLUSION

For these reasons, it is recommended that Defendant Holmes' Motion for Summary Judgment (ECF No. 17) be **DENIED.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation**

in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

**DATED** this 4th day of December 2023.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

7